IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSE LUIS CARDENAS-LANDIN | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-08-CV-1671-BD |
| | § | |
| ERIC H. HOLDER, Attorney General | § | |
| of the United States, ET AL. | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM ORDER**

Defendants have filed a motion to dismiss this civil action brought by Plaintiff Jose Luis Cardenas-Landin, a citizen of Mexico, seeking declaratory, mandamus, and injunctive relief in connection with the denial of two Form N-400 applications for naturalization and the failure of immigration officials to timely adjudicate another such application. As grounds for their motion, defendants contend that plaintiff, who was ordered removed to Mexico following his conviction on federal drug charges, has failed to exhaust his administrative remedies with respect to his first and third applications, and is precluded from obtaining citizenship by virtue of his felony conviction regardless of any delay in adjudicating his second application for naturalization. The issues have been fully briefed by the parties, and the motion is ripe for determination.

A brief recitation of the chronology of events giving rise to plaintiff's claims is necessary to the disposition of the pending motion. Plaintiff was admitted to the United States as a lawful permanent resident on or about December 30, 1957. (*See* Plf. Compl. at 2, ¶ 1). From November 24, 1970 until October 14, 1976, plaintiff served in the United States Army, the United States Army Reserve, and the California National Guard. (*See id.* & Exh. A at 24). On April 2, 1971, while on

active military duty, plaintiff filed his first application for naturalization. (*See id.* at 4, ¶ 11 & Exh. A at 16-21). A second application was filed on March 29, 1977. (*See id.* at 5, ¶ 12 & Exh. B at 22). No action was taken by immigration officials on either of those applications for more than 30 years. (*See id.* at 4-5, ¶¶ 11-12). In June 1978, plaintiff filed a third application for naturalization. (*See id.* at 5, ¶ 13 & Exh. C at 23). That application was denied on July 6, 1979, after plaintiff failed to appear for a hearing which he contends was not properly noticed. (*Id.* at 5, ¶ 13 & Exh. C at 29). In 2000, plaintiff was convicted on federal drug charges and sentenced to 121 months in prison. (*See* Def. Reply App. at 4). On August 6, 2008, immigration officials denied plaintiff's first application for naturalization. (*See* Plf. Compl. at 4, ¶ 11). Seven weeks later, on September 23, 2008, plaintiff was ordered removed to Mexico as an aggravated felon. (*See* Def. Reply App. at 4). The Board of Immigration Appeals upheld that ruling on January 21, 2009, (*see id.*), and plaintiff was removed to Mexico on February 6, 2009, (*see* Def. Reply Br. at 3 n.2).

Plaintiff now seeks a ruling from this court overturning the denial of his first and third applications for naturalization, adjudicating all of his applications anew, and enjoining his removal from the United States. To the extent plaintiff attempts to challenge the validity of the removal proceedings, the court lacks subject matter jurisdiction over his claim. Section 106 of the REAL ID Act provides, in pertinent part:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, *a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act,* . . . . For purposes of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of title 28, United States Code, or any other habeas corpus provision,

> sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

Pub.L. 109-13, 119 Stat. 231, § 106(a)(5), *codified at* 8 U.S.C. § 1252(a)(5) (emphasis added). While conceding that this statute limits the authority of federal courts to review certain kinds of immigration decisions, plaintiff argues that "no action by Congress can limit this Court's ability to review due process and equal protection claims." (*See* Plf. Resp. Br. at 7). However, the court is unaware of any exception to the REAL ID Act for aliens seeking to avoid the effects of a final order of removal because immigration officials unreasonably delayed or wrongly decided an application for naturalization that was filed before the events giving rise to the removal order occurred. Absent a statute or controlling legal authority that creates an exception to the jurisdiction stripping provisions of the REAL ID Act, this court lacks jurisdiction to review any aspect of the removal order. *See Formusoh v. Gonzales*, No. 3-07-CV-0128-K, 2007 WL 465305 at *2 (N.D. Tex. Feb. 12, 2007) (federal district court lacked subject matter jurisdiction to decide validity of removal order issued while properly filed I-130 Petition for Alien Spouse and I-485 Application for Adjustment of Status were pending).

Nor can plaintiff obtain judicial review of any of his three applications for naturalization. Federal law provides for judicial review of naturalization applications in only two limited circumstances: (1) where the application has been denied on initial review and later by an immigration judge; or (2) where there is significant delay by the government in reviewing the application. *See Ogunfuye v. Acosta*, 210 Fed.Appx. 364, 366, 2006 WL 3627144 at *2 (5th Cir. Dec. 13, 2006), *citing* 8 U.S.C. §§ 1421(c) & 1447(b). It is clear that plaintiff never sought review by an immigration judge of the denial of his first and third applications for naturalization. This failure to exhaust administrative remedies deprives the court of jurisdiction to review those

applications. *See Omari v. Gonzales*, No. 3-05-CV-0397-P, 2005 WL 2036498 at *4 (N.D. Tex. Aug. 11, 2005), *rec. adopted*, (N.D. Tex. Jan. 30, 2006).[1]

With respect to his second application for naturalization, which ostensibly has been pending since 1977, plaintiff's removal from the United States as an aggravated felon precludes him from obtaining citizenship at any time. In a similar case, albeit in a different procedural context, the Third Circuit Court of Appeals denied a petition for review filed by a Jamaican citizen who had been ordered removed from the United States as an aggravated felon. *Vernon v. Attorney General of the United States*, 181 Fed.Appx. 201, 2006 WL 1327815 (3d Cir. May 16, 2006), *cert. denied*, 127 S.Ct. 2268 (2007). The plaintiff in *Vernon* protested that he had applied for citizenship before his first criminal conviction and more than 17 years prior to the commencement of removal proceedings, but was never notified of the disposition of his application for naturalization. *Id.*, 2006 WL 1327815 at *1. Because immigration officials failed to comply with their own regulations governing the processing and adjudication of naturalization applications in a timely manner, plaintiff maintained that the court should either grant him citizenship or order immigration officials to adjudicate his application *nunc pro tunc* under the law and facts that existed at the time he first applied for citizenship. *Id.*, 2006 WL 1327815 at *2. The Third Circuit disagreed. In rejecting the plaintiff's request for *nunc pro tunc* relief, the court wrote:

> *Nunc pro tunc*, literally "now for then," allows a court sitting in equity to deem an action to have been taken as of a time when it should have been taken, but was not due to circumstances not attributable to the unreasonable delay of the parties. Here, Vernon offers no excuse or

---

[1] Plaintiff cannot avoid this statutory exhaustion requirement by bringing his claims under the Mandamus Act, the Administrative Procedure Act, or the Declaratory Judgment Act. *See Yarovitskiy v. Hansen*, No. 1-07-CV-1174, 2007 WL 2301172 at *4 (N.D. Ohio Aug. 8, 2007) (neither Mandamus Act or APA expand jurisdiction of federal district court to review naturalization applications); *Sawan v. Chertoff*, 589 F.Supp.2d 817, 822 (S.D. Tex. 2008) (Declaratory Judgment Act is a procedural statute that does not provide an independent basis for federal court review). Nor is the court empowered to excuse plaintiff's failure to exhaust administrative remedies, even where a "miscarriage of justice" may result. *See Omari v. Holder*, ___ F.3d ___, 2009 WL 531688 at *9 (5th Cir. Mar. 4, 2009).

> explanation as to why he never sought clarification or reconsideration of his application for naturalization from the time he filed it in 1986 until he raised it as an issue before the IJ seventeen years later. Even assuming part of this delay was due to agency error, that the delay extended from 1986 until 2003 is directly attributable to Vernon. Accordingly, this Court cannot order that Vernon's naturalization application be considered *nunc pro tunc.*

*Id.* (internal citations omitted). The court went on to hold that plaintiff's intervening felony convictions made him ineligible for citizenship "at any time." *Id., citing* 8 U.S.C. § 1101(f)(8).[2] Like the plaintiff in *Vernon*, plaintiff herein offers no excuse or explanation for failing to inquire about the status of his second application for naturalization from the time it was filed in 1977 until sometime in 2003 or 2004 when he requested a copy of his immigration file under the Freedom of Information Act. (*See* Plf. Compl. at 9, ¶ 34). By that time, plaintiff's application had been pending for more than 25 years. Had plaintiff investigated this matter sooner, he could have sought judicial review long before he was convicted on federal drug charges. Plaintiff's failure to diligently prosecute his application for naturalization, together with his intervening felony conviction, makes him ineligible for citizenship.

## CONCLUSION

For these reasons, defendants' motion to dismiss [Doc. #15] is granted. Plaintiff's claims involving his first and third applications for naturalization are dismissed for lack of subject matter

---

[2] Section 1101(f)(8) provides:

> No person shall be regarded as, or found to be, a person of good moral character who, during the period for which good moral character is required to be established, is, or was--
>
> * * * *
>
> one who at any time has been convicted of an aggravated felony[.]

8 U.S.C. § 1101(f)(8).

jurisdiction. Plaintiff's claims involving his second application for naturalization are dismissed with prejudice. The court will enter a final order of dismissal by separate judgment filed today.

SO ORDERED.

DATED: April 1, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE